FILED

2018 SEP 26 PM 1:09

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOLEEN DOHERTY
and KIMBERLY COLEMAN,

    Plaintiffs,

vs.

CASE NO.:

2:18-cv-638-FtM-99CM

GOOD SHEPHERD DAY SCHOOL OF
CHARLOTTE COUNTY, INC., a
Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN (hereinafter "Plaintiffs") by and through the undersigned counsel, and files this Complaint against Defendant, GOOD SHEPHERD DAY SCHOOL OF CHARLOTTE COUNTY, INC., (hereinafter "THE GOOD SHEPHERD") (hereinafter "Defendant") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, minimum wages, overtime wages, an additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff, JOLEEN DOHERTY, is and was a resident of Charlotte County, Florida.

5. At all times material hereto, Plaintiff, KIMBERLY COLEMAN, is and was a resident of Charlotte County, Florida.

6. At all times material hereto, GOOD SHEPHERD DAY SCHOOL OF CHARLOTTE COUNTY, INC. was and continues to be a Florida Not for Profit Corporation.

7. Further, at all times material hereto, THE GOOD SHEPHERD was, and continues to be, engaged in business in Florida, with a principle place of business in Charlotte County, Florida.

8. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §7 of the FLSA.

9. At all times material hereto, Plaintiffs were "employees" of the Defendants within the meaning of FLSA.

10. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

11. Defendant was and continues to be an "employer" within the meaning of FLSA.

12. At all times material hereto, Defendant was and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

16. The additional persons who may become Plaintiffs in this action are/were "non-exempt" employees of Defendant, who held similar positions to Plaintiffs and who (a) worked in excess of forty (40) hours during one or more weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

17. At all times material hereto, the work performed by Plaintiffs were directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

18. Plaintiff JOLLEN DOHERTY worked for Defendant from on or about March 2015 until on or about April 2016, the time of her termination she was performing non-exempt work as taking care of preschool children and was paid hourly.

19. Plaintiff KIMBERLY COLEMAN worked for Defendant from on or about 1999 until on or about May 30, 2017, the time of her termination she was performing non-exempt work as taking care of preschool children and office work and was paid hourly.

20. At various material times hereto, Plaintiffs worked for Defendant in excess of forty (40) hours within a work week.

21. At various material times hereto, Defendant failed to compensate Plaintiffs, and others similarly situated to her, for all hours worked.

22. Specifically, Plaintiffs were required to perform work prior to their scheduled shift and at the end of their shift and not paid for the work they performed prior to the start time and at the end of the shift.

23. In addition, the Defendant did not pay Plaintiffs time and one-half for hours worked over 40 hours in a workweek.

24. As a result they have not been properly compensated for all hours worked including overtime wages.

25. From at least March 2015 and continuing through May 30, 2017, Defendant failed to compensate Plaintiffs at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

26. Plaintiffs should be compensated at the rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendant has violated Title 29 U.S.C. §206 and §207 from at least April 2015 and continuing through March 29, 2017, in that:

    a. Plaintiffs worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiffs for overtime wages, at the

statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA;

c. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiffs for minimum wages for every hour worked; and

d. Defendant has failed to maintain proper time records as mandated by the FLSA.

28. Plaintiffs have retained the BERKE LAW FIRM, P.A. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

29. Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN reallege and incorporate paragraphs 1 through 28 of the Amended Complaint as if fully set forth herein.

30. From at least March 2015 and continuing through May 30, 2017, Plaintiffs worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

31. Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN were and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

33. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidences by its failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

34. Defendant has failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

35. Due to intentional, willful, and unlawful acts of Defendant, Plaintiffs, and others similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

37. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime.

38. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiffs proper overtime wages at time and a half the regular rate of pay for such hours.

WHEREFORE, Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN respectfully requests that judgment be entered in their favor against Defendant:

a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiffs overtime compensation in the amount due to them for time worked in excess of forty (40) hours per week;

c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs pre-judgment interest;

f. Issue an Order, as soon as is practicable, authorizing Plaintiffs to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.

## DEMAND FOR A JURY TRIAL

39. Plaintiffs, JOLEEN DOHERTY and KIMBERLY COLEMAN hereby demand that their claim be tried before a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September 2018, the foregoing was filed with the Clerk of the Court using the CM/ECF system and an electronic copy will also be sent to: Gregory A. Hearing, Esq. and Benjamin W. Bard, Esq., THOMPSON, SIZEMORE, GONZALEZ & HEARING, P.A. Post Office Box 639 Tampa, Florida 33601.

BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiffs*

8