UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOLEEN DOHERTY and KIMBERLY
COLEMAN,

    Plaintiffs,

v.                                          Case No:  2:18-cv-638-FtM-UA-UAM

GOOD SHEPHERD DAY SCHOOL OF
CHARLOTTE COUNTY, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the parties' Joint Motion to Approve Offers of Judgment Accepted (Doc. 22) filed on February 28, 2019.  The parties are requesting the Court to approve the Offers of Judgment (Docs. 10, 11, 22-1, Doc. 22-2) accepted by Plaintiffs and to enter judgment accordingly.  For the reasons explained below, the undersigned recommends that the parties' motion be **GRANTED**.

    This is a Fair Labor Standards Act ("FLSA") case.  Plaintiffs brought this action against Defendant Good Shepherd Day School of Charlotte County, Inc., alleging Defendant did not compensate them with overtime pay in violation of the FLSA. (*See generally* Doc. 1). Defendant is a Florida not-for-profit corporation engaged in business in Charlotte County, Florida. *Id.* ¶¶ 6-7. Defendant employed Plaintiff Joleen Doherty to care for preschool children from March 2015 to April 2016 and employed Plaintiff Kimberly Coleman to care for preschool children and perform office work from 1999 to May 2017. *Id.* ¶¶ 18-19. Plaintiffs allege Defendant did not compensate them at a rate of one-and-one-half times their regular hourly wages for overtime

worked. *Id.* ¶¶ 19-26, 30-31. On December 5, 2018, Defendant served Rule 68 Offers of Judgment for $500.00 on each Plaintiff, which both Plaintiffs accepted on December 12, 2018. (Docs. 10, 11, 22-1, 22-2).

In FLSA cases, the Court must determine whether any agreement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food*, 679 F.2d at 1355; 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food*, 679 F.2d at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.*

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the parties have not executed a settlement agreement, but are attempting to resolve Plaintiffs' claims via Rule 68 offer of judgment.

Fed. R. Civ. P. 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being

> served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Although there is no settlement agreement, it must still be determined whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food*. *See Kingsley v. Noonan*, 2012 WL 5378743, at *1 (Oct. 31, 2012). The Court must first review the offer of judgment to determine whether it provides the plaintiff full relief of the FLSA claims or whether the plaintiff has compromised an FLSA right. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246-47 (M.D. Fla. 2010). If the offer of judgment provides Plaintiff full relief, then the Court need not further scrutinize the offer for fairness or reasonableness. *See id.*; *Mackenzie v. Kindred Hosps. E. L.L.C.*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003). If, however, the Court determines that the offer of judgment involves a compromise, then the Court must scrutinize it for fairness and reasonableness. *See, e.g.*, *Kingsley*, 2012 WL 5378743, at *1; *see also Dees*, 706 F. Supp. 2d at 1246-47.

In this case, the undersigned finds that the offers of judgment accord full relief to Plaintiffs. The parties stipulate that there was no compromise in this case, that there is no separate settlement agreement between the parties, and that Plaintiffs were not offered or promised any relief in exchange for accepting the offers of judgment. (Doc. 22 p. 1). The offers of judgment provide that Defendant will allow judgment to be taken against it in the sum of $500.00 by each plaintiff respectively. Further, the parties provide that Plaintiff Doherty's timesheets reveals eleven hours of overtime she could potentially claim, which including liquidated damages, results in the amount of $118.32. Plaintiff Coleman's timesheets do not reflect any overtime owed and Plaintiff Coleman has not articulated any other basis for her claim or entitlement to overtime. Thus, judgment in the sum of $500.00 is not a compromise of their FLSA claims. Finally, the parties

provide that attorney's fees and costs were not discussed as any part of the amounts contained in the offers of judgment and the parties have not agreed to any amount to resolve any potential claim of attorney's fees or costs incurred in this action.[1]

For these reasons, the undersigned finds the offers of judgment to be fair and reasonable resolution of the Plaintiffs' FLSA claims.

**IT IS RESPECTFULLY RECOMMEDED:**

That the parties' Joint Motion to Approve Offers of Judgment Accepted (Doc. 22) be **GRANTED** and the Offers of Judgment (Doc. 10, 11, 22-1, 22-2) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues and enter judgment accordingly

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Chambers in Ft. Myers, Florida on May 3, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The undersigned notes that Plaintiffs' Motion for an Award of Attorney's Fees and Costs (Doc. 21) is currently pending. The undersigned will address this motion by separate report and recommendation.