UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOLEEN DOHERTY and KIMBERLY
COLEMAN,

    Plaintiffs,

v.                                     Case No:  2:18-cv-638-FtM-UA-UAM

GOOD SHEPHERD DAY SCHOOL OF
CHARLOTTE COUNTY, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on Plaintiffs Joleen Doherty and Kimberly Coleman's Motion for an Award of Attorney's Fees and Costs (Doc. 21) filed on February 28, 2019. Defendant filed a Response to Plaintiffs' Motion for an Award of Attorney's Fees and Costs (Doc. 24) on March 14, 2019.  Plaintiffs are requesting the Court to enter an order awarding $9,974.00 in attorney's fees and $400.00 in costs pursuant to 29 U.S.C. § 216(b).  For the reasons explained below, the undersigned respectfully recommends that Plaintiffs' motion be **GRANTED IN PART AND DENIED IN PART**.

    This case arises from Plaintiffs' failed attempt to join in the case *Rumreich v. Good Shepherd Day School of Charlotte, Inc.*, 2:17-cv-292-38MRM.  In *Rumreich*, Plaintiffs were granted leave to join in the action pursuant to Rule 20 of the Federal Rules of Federal Procedure, but failed to do so before plaintiff Rumreich's claim was resolved. *See* (Order, *Rumreich v. Good Shepherd Day School of Charlotte, Inc.*, 2:17-cv-292-38MRM (M.D. Fla. September 18, 2018).

This case was initiated by Plaintiffs by Complaint (Doc. 1) on September 26, 2018. On December 12, 2018, Plaintiffs filed notices informing the Court that they had accepted Defendant's Rule 68 offer of judgment. After the parties had submitted sufficient information concerning the Plaintiffs' acceptance of the offers of judgment, the undersigned entered a Report and Recommendation recommending that the District Court accept Plaintiffs' acceptance of the offers of judgment as a fair and reasonable resolution of a bona fide dispute of the FLSA issues. On May 20, 2019, the District Court entered an Order (Doc. 28) accepting and adopting the undersigned's Report and Recommendation. The question of attorney's fees is now ripe for review.

The FLSA provides that courts "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). "A reasonable attorneys' fee is 'properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate'" to obtain the "lodestar." *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1317 (M.D. Fla. 2001) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *see also Lawrence v. Berkley Grp., Inc.*, No. 10-61069-civ-KMW, 2013 WL 12239477, at *1 (S.D. Fla. Feb. 20, 2013).

The party seeking fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[A]n applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Wales*, 192 F. Supp. 2d at 1317 (citing *Norman*, 836 F.2d at 1299). A court may, however, rely on its own expertise and judgment in assessing the value of counsel's services. *Id.* (citing *Norman*, 836 F.2d at 1303).

    a. **Hourly Rate**

The first step in reaching the lodestar is to determine a reasonable hourly rate, which "is the prevailing market rate in the relevant legal community for similar services by lawyers of

reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11).

Here, Plaintiffs are requesting an hourly rate of $500.00 for attorney Bill B. Berke, Esq. and an hourly rate of $135.00 for paralegal Christine Boutchyard. (Doc. 21 p. 6). Defendant argues that these hourly rates should be denied because they are well above the prevailing market rate. (Doc. 24 p. 5-8).

In *Rumreich,* the District Court entered an order finding that $350.00 was a reasonable hourly rate for Mr. Berke. The undersigned recommends that the District Court again find that $350.00 an hour is a reasonable hourly rate for Mr. Berke given the lack of complexity in this case and taking into account the length of counsel's experience handling cases of this nature. The undersigned makes no finding as to whether Ms. Boutchyard's requested hourly rate is reasonable because, as will be explained below, Plaintiffs have failed to demonstrate that the work performed by Ms. Boutchyard is recoverable in this case.

### b.  Number of Hours Expended

The second step in the lodestar analysis is determining what hours were reasonably expended in pursuing the action. Fee applicants must exercise "billing judgment" and exclude hours "that would be unreasonable to bill to a client." *ACLU of Ga.*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiffs represent that Mr. Berke expended 19.30 hours in representation in this case. Plaintiffs contend that there are no examples of excessive time being spent on specific tasks, there are no duplicative services and none of the time billed was nonproductive. (Doc. 21 p. 6). Defendant argues that Plaintiffs' counsel's hours should be capped because Plaintiffs unreasonably prolonged this litigation. (Doc. 24 p. 9). In addition, Defendant argues that Plaintiffs' counsel's statement of fees includes excessive, unnecessary, and redundant hours. (Doc. 24 p. 10-17).

"[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Galdames v. N & D Inv. Corp.*, 432 Fed. App'x 801, 806 (11th Cir. 2011) (emphasis omitted) (quoting *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988)). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

In this case, the undersigned recommends that all hours claimed by Plaintiffs after May 6, 2018, be reduced from Plaintiffs' claimed hours. According to Defendant, months before this case was filed, Defendant offered Plaintiff Doherty $500.00 and Plaintiff Coleman $1000.00 to resolve their claims. On May 6, 2018, Plaintiffs were provided with their pay records. Nevertheless, on May 17, 2018, Plaintiffs' counsel sent an email providing that Plaintiff Doherty would resolve her wage and hour claim for $3,500.00 and Plaintiff Coleman would resolve her wage and hour claim for $6,500.00. Both Plaintiffs eventually accepted offers of judgment for $500.00. Given that Plaintiff Doherty accepted the same offer and Plaintiff Coleman accepted a worse offer, any hours expended by Plaintiffs' counsel after Plaintiffs were provided with their time records was unnecessary.

The remaining time entries are as follows:

| Date | Timekeeper | Description of Legal Services | Time | Rate | Amount |
| --- | --- | --- | --- | --- | --- |
| 12/20/2017 | Bill Berke, Esq. | Meeting with clients re: facts, allegations of potential unpaid wage claim; Draft Doherty Consent to Join | 1.5 | $500.00 | $750.00 |
| 1/15/2018 | Bill Berke, Esq. | Telephone conference with client; Draft and review Coleman Consent to Join | .5 | $500.00 | $250.00 |
| 1/26/2018 | Bill Berke, Esq. | Draft Doherty Declaration/Meet with client | 1. | $500.00 | $500.00 |

| 1/30/2018 | Bill Berke, Esq. | Draft Coleman Declaration/Meet with client | 1. | $500.00 | $500.00 |
| 2/16/2018 | Bill Berke, Esq. | Draft and revise Motion for Collective Action; review file | 1.5 | $500.00 | $750.00 |

The undersigned recommends that the time claimed in the entries dated 1/15/2018, 1/26/2018, 1/30/2018, and 2/16/2018 be deducted.  These entries do not relate to this action, but to Plaintiffs' Motion to Conditionally Certify FLSA Collective Action that was filed and ultimately denied in the related *Rumreich* action.  While Plaintiffs were permitted leave to join in the *Rumreich* action pursuant to Rule 20, they failed to do so before Rumreich's claim was resolved, necessitating the filing of this motion.  Because these entries do not pertain to work performed in this case but instead to Plaintiff's failed attempt to join in *Rumreich*, the undersigned does find it appropriate to award this time.

In summary, the undersigned finds that Plaintiffs' counsel is entitled to 1.5 hours at the rate of $350.00 an hour, for a total of $525.00 in attorney's fees.

Plaintiffs are also requesting $400.00 in costs for the filing fee.  Defendant did not object to Plaintiffs' request.  According, the undersigned finds it appropriate to grant this cost to Plaintiffs pursuant to 28 U.S.C. § 1920.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) Plaintiffs' Motion for an Award of Attorney's Fees and Costs (Doc. 21) be **GRANTED IN PART AND DENIED IN PART**;

2) the District Court enter an order awarding Plaintiffs $525.00 in attorney's fees and $400.00 in costs;

3) the District Court direct the Clerk to enter an amended judgement.

Recommended in Chambers in Fort Myers, Florida on June 5, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule M.D. Fla. 6.02.

Copies furnished to:

Counsel of Record
Unrepresented Parties